IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JUDY ARNOLD<br>9704 Tay Circle<br>Knoxville, Tennessee 37922<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN MEMORIAL UNIVERSITY,<br>6965 Cumberland Gap Parkway<br>Harrogate, Tennessee 37752<br><br>Defendant. | Case No: _____<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Judy Arnold by through undersigned counsel, for her Complaint against Lincoln Memorial University, to the best of her information, knowledge and belief, formed after reasonable inquiry states and alleges as follows:

## I. INTRODUCTION

1. This is an age discrimination and retaliation case arising out of the non-renewal/discharge and subsequent refusal to hire Plaintiff by Defendant Lincoln Memorial University ("LMU" or "Defendant") after 20 years employment with Defendant. Plaintiff has satisfied all administrative prerequisites to suit including timely filing with the Equal Employment Opportunity Commission ("EEOC"). A copy of the EEOC Right to Sue notice is attached as Exhibit A. A second charge was filed by Plaintiff on April 9, 2015, more than 60 days prior to this Complaint.

2. Plaintiff seeks relief under the federal Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621, *et seq.* and the Tennessee Human Rights Act ("THRA"), Tennessee Code Annotated §4-21-101, *et seq.*

1.

## II. PARTIES AND JURISDICTION

3. Plaintiff Judy Arnold is an individual who currently, and at all times material to this Complaint, resided at 9704 Tay Circle, Knoxville, Tennessee 37922.

4. At the time of the alleged discriminatory acts Plaintiff was 63 years old or older.

5. Defendant LMU is a non-profit corporation formed under the laws of the State of Tennessee.

6. LMU, at all material times and currently, regularly does business in this jurisdictional district. Defendant LMU is an "employer" within the meaning of the ADEA and THRA.

7. LMU has central offices and its main campus at 6965 Cumberland Gap Parkway, Harrogate, Tennessee 37752.

8. This action is brought under the ADEA for which this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and the THRA for which this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

9. Venue is appropriate in the Eastern District of Tennessee pursuant to 28 U.S.C. §1391(b) because Defendant resides in this judicial district, Defendant does substantial business in this judicial district and all of the events giving rise to these claims occurred here.

## III. FACTUAL ALLEGATIONS

10. Plaintiff Judy Arnold is currently 65 years old, with date of birth September 15, 1949. She attended Carson Newman College and graduated with a B.A. degree in 1970, then attended the University of Tennessee and received a Master's degree in English in 1971 and Doctor of Education in 1978. Plaintiff formerly taught at Tennessee Wesleyan College from 1990 to 1993 and served as Chair of undergraduate teacher education.

2.

11. Plaintiff is certified by the State of Tennessee in Administration and English, grades 7 to 12. She taught English at Bearden High School for 14 years and coached tennis.

12. Plaintiff was hired by LMU in 1993 to teach undergraduate and graduate courses on the LMU faculty, a position she held until she was non-renewed/discharged in 2013.

13. At the time of her non-renewal Plaintiff was the senior full-time faculty member in the graduate school in the Carter & Moyers School of Education and she was a professor of graduate teacher education in the Curriculum and Instruction program.

14. Plaintiff was subject to assignment at any LMU location and has taught during her employment by LMU at its Knoxville, Harrogate, LaFollette, Cleveland, Ducktown, Sevierville, Kingsport, Maryville and Rose Hill, Virginia locations and served as Director of the Masters of Education program from 2010 to 2012.

15. Plaintiff performed her duties satisfactorily, regularly received good to excellent evaluations and received the Houston Award for Excellence in Teaching at LMU.

16. Plaintiff was employed as a full-time instructor by Defendant from 1993 until she was notified on February 15, 2013, that her contract would not be renewed for the 2013-2014 academic year. The non-renewal of her contract was confirmed by letter dated February 18, 2013, from LMU President B. James Dawson.

17. Within days of Plaintiff's receipt of notice of her non-renewal/discharge LMU advertised for instructional positions, including a position in the Curriculum and Instruction program.

18. Plaintiff requested in a letter on February 21, 2013, to LMU's President B. James Dawson, with copies to Academic Vice President Clayton Hess, and Dean of the School of Education Michael Clyburn that she as a senior faculty member be provided an opportunity for continued employment.

3.

19. Plaintiff was assured by President Dawson in a letter on March 4, 2013, that he would review the situation and consider her request for continued employment.

20. Between May 13, 2013 and the present, Plaintiff submitted repeated applications to LMU for vacant teaching positions for which she was qualified as well as submitted inquiries to President Dawson, Vice President Hess, Dean Clyburn, Curriculum Coordinator Fran Swantic, and Program Directors Lynn Stevenson Burger, Terry Stevenson and Laura Hopfer.

21. Plaintiff has not only not been hired for any position sought but has not been interviewed or considered for any vacant position.

22. Administrators and members of LMU search committees were instructed not to consider for employment any of the faculty, primarily in the protected age category, including Plaintiff, notified of non-renewal on February 15, 2013.

23. Plaintiff submitted applications for faculty openings including, but not limited to, on or about the following dates: May 13, 2013; August 7, 2013; March 21, 2014; April 7, 2014; April 30, 2014; May 5, 2014 (5 positions); March 18, 2015; March 22, 2015; April 30, 2015.

24. LMU's policy was to consider an application pending for any vacant position occurring for a period of one year following submission of the application. Plaintiff, therefore, has had continuous applications for employment with LMU since May 13, 2013.

25. For each vacant teaching position, although Plaintiff was qualified, she was not granted an interview and not hired because of her age and/or in retaliation for her complaints of discrimination.

26. LMU filled vacancies which Plaintiff sought with applicants who were substantially younger and who were less qualified.

4.

27. On or about November 21, 2013, Plaintiff filed a charge of discrimination with the EEOC exercising her protected right to complain of discrimination and file charges of discrimination.

28. Defendant acquired knowledge of Plaintiff's protected activity shortly thereafter when EEOC notified Defendant of the charges.

29. LMU's intentional refusal to renew her contract for full-time faculty or to rehire Plaintiff was because of her age and/or in retaliation (after November 21, 2013) for her complaints of discrimination.

## IV. CLAIMS

30. Plaintiff re-alleges and incorporated by reference all of the allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

31. Defendant's unlawful non-renewal/discharge, refusal to hire and retaliation against Plaintiff constitute intentional discrimination on account of her age and violates the provisions of the ADEA and THRA, justifying an award of back pay, reinstatement or, in the alternative, front-pay, benefits, and liquidated damages and compensatory damages against Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant as follows:

(a) For a money judgment representing compensatory damages, as well as lost wages, and all other sums of money, including retirement benefits and other benefits, together with interest on said amounts;

(b) An order reinstating Plaintiff to her former position of employment or hiring her to a position for which she applied with the Defendant including all compensation and benefits which she was receiving immediately prior to Defendant's discriminatory acts or would have received if hired.

(c) For a money judgment representing liquidated damages for Defendant's willful violation of the ADEA.

(d) For a money judgement representing prejudgment interest.

(e) For a "gross-up" of any award to off-set negative tax consequences of receiving the award in one year;

(f) For the costs of suit, including an award of reasonable attorneys' fees.

(g) For such other relief to which the Court deems the Plaintiff justly entitled.

Plaintiff demands a trial by jury on all issues of fact in this action.

This 18th day of June, 2015.

Respectfully submitted,

JUDY ARNOLD

s/Garry Ferraris
Attorney for Plaintiff (BPR#016086)
Law Office of Garry Ferraris
127 W. Jackson Avenue, Suite 306
Knoxville, Tennessee 37902
(865)584-7720

6.